MR. ALEXANDER DAVIDOFF, )
& OLENA DAVIDOFF (Wife), )
)
    Plaintiffs, )
)
V. )   No: _12·10_____
)
PROGRESSIVE INSURANCE, )
)
    Defendant. )

## COMPLAINT

COMES now the Plaintiffs, Mr. Alexander Davidoff and wife, Olena Davidoff

("Plaintiffs"), by and through undersigned counsel, and sues the Defendant Progressive

Insurance ("PI") and for their cause of action would show the following:

## PARTIES

1. Plaintiffs are domiciled and reside in the city of Brentwood, Davidson County

    Tennessee.

2. Defendant is a licensed insurance company authorized to conduct business in the state

    of Tennessee.

3. This action arises out of the denial of compensation for loss based on unsupported

    allegations of fraud by the insurance company against the Plaintiffs.

## FACTS

1


EXHIBIT
A

4. Paragraphs 1-3 in are incorporated herein by reference.

5. On the date of incident and all material facts relating to this cause of action, the Plaintiffs maintained automotive insurance with the defendant under an active automotive insurance policy. See Attached.

6. On or near April 18, 2012, the Plaintiffs reported the theft of their 2011 Toyota Tundra from the first floor of the south garage of Vanderbilt Medical in Nashville, Tennessee (reporting agency was Vanderbilt Police, Incident Number: 11-34704).

7. The Plaintiff had parked the vehicle in the garage on or near April 13, 2011.

8. Due to the Plaintiff's access to multiple vehicles, it was a common practice to leave one vehicle at the hospital and drive home together in another vehicle with the intent to return at a later date and pick op car/vehicle left behind.

9. The vehicle was recovered by Nashville and Davidson County Police and stored in their impound lot. (MNPD Number: 11-299462).

10. When the Plaintiff initially became aware that the vehicle was recovered, their intent was to repair it without filing a claim with the insurance.

11. Once the Plaintiff's observed the extent of damage and considered the cost to repair the vehicle, a claim was filed with the Defendant. Progressive Claim Number: 11-2521486.

12. Defendant denied the claim based on unsupported and erroneous belief that the Plaintiff's stole their own vehicle.

13. Plaintiffs were served notice of claim denial on or near September 9, 2011.

2

14. On July 31, 2012, the Plaintiffs filed a grievance with the Tennessee Consumer Insurance Services, 500 James Robertson Parkway, 4th floor, Nashville, Tennessee 37243-0574. See Attached.

15. Basis of claim is Defendant's failure to prove that information provided was false and was provided with the intent to deceive and/or increase the risk of loss.

16. Disposition of Consumer Complaint is pending at the time of this filing.

17. Toyota Motor Credit Corp/Lexis Financial Services has a subrogation interest in the claim denial due to terms and condition of the purchase/ finance agreement between the Plaintiffs and Finance Company. Account Number: 00070001062800460001.


## CLAIMS

**Count 1: Breach of Contract.**

### A. Breach of Good Faith and Fair Dealing

18. Each and every allegation set forth in paragraph 1-17 hereinabove is re-alleged and incorporated herein by reference.

19. The facts establish that a no evidence exist to support the Defendant's denial of the claim. Plaintiffs remain uncompensated for the denial of benefits (in excess of $38,443.12).

20. Plaintiffs have incurred "real" legal and administrative expenses yet to be valued.

21. Every contract contains an implied duty of good faith and fair dealing in its performance and enforcement.

22. The actions of Progressive are a clear violation of its good faith and fair dealing. Plaintiffs relied upon Progressive and suffered damages as a result.

3

### B. Breach of Fiduciary Duty and Implied Contractual Duty of Loyalty

23. Each and every allegation set forth in paragraphs 1-37 hereinabove is re-alleged and incorporated by reference.

24. Prudential breached its fiduciary duty of loyalty to the Plaintiffs by refusing to honor the claim.

### Count 4: Tennessee Consumer Protection Act (*Tenn. Code Ann.* §47-18-101).

25. Each and every allegation set forth in paragraphs 1-24 hereinabove is re-alleged and incorporated by reference.

26. Businesses have standing to sue as long as they are acting in a "consumer-oriented fashion," that is, doing what individual consumers do, such as buying goods or services for use in a business.

27. Plaintiffs were acting as consumers in the course of purchasing goods and services from Progressive.

28. Progressive was made aware of the theft and refused/failed to cure despite a contractual obligation to make the Plaintiffs whole.

29. Progressive's actions have resulted in the Plaintiffs being denied immediate rightful possession of property.

### Tennessee Code Annotated: § 56-7-103.

30. Progressive's denial of the Plaintiffs claim for the theft of their truck is without merit in that it has not met the burden required under T.C.A. §56-7-103.

**THEREFORE:** the Plaintiffs respectfully pray for relief as follows:

4

A. That this Complaint be served and Defendants be required to answer within the time provided by law;

B. That a judgment be entered against Defendants for breach of duty, and other violations;

C. That the Plaintiffs receive relief to the full extent of the law under the Tennessee Consumer Protection Act;

D. That the Plaintiffs be awarded the uncompensated balance of the finance charge including interest and penalties;

E. That the Plaintiffs be awarded compensation for administrative expenses resulting from the Defendant's actions;

F. That the Defendants be required to pay Plaintiff's reasonable attorney fees in connection with this action;

G. That a judgment be entered against the Defendants in the treble amount of Plaintiff's damages proximately resulting from failure to honor contract;

H. That a judgment be entered against the Defendants in the punitive amount deemed appropriate due to the Defendant's actions;

I. That the cost of this action be taxed against the Defendants; and

J. That the Plaintiffs be awarded such additional relief as this Honorable Court deems just and proper.

Respectfully Submitted,

Shawn P. Sirgo, (025693)
**SIRGO & ASSOCIATES, P.C.**
2300 21st Avenue South
Suite 200
Nashville, Tennessee 37212
P: (615) 463-9654
F: (615) 463-9683

6

# SERVICE OF PROCESS

The undersigned hereby certifies that on August _11_, 2012, the following Defendant and party of

interest were served a true copy of the Complaint via Certified Return Mail.


Toyota Motor Credit Corporation/
Lexis Financial Services
SPECIAL COLLECTIONS DEPARTMENT
P.O. Box 5236
Carol Stream, Illinois 37027-3806


Progressive Insurance
Attn: Rexanne Green
PROGRESSIVE CLAIMS
555 Marriott Drive, Suite 500
Nashville, Tennessee 37214

_____
Shawn P. Sirgo

7



# TENNESSEE
## AUTO POLICY

I CERTIFY THIS TO BE A
TRUE AND ACCURATE COPY.
BY _Amy Ray_ claims manager
DATE 10-4-11



Form 9619A TN (10/06)
version 3.0



PROGRESSIVE
*DRIVE Insurance*

# CONTENTS

INSURING AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

GENERAL DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**PART I - LIABILITY TO OTHERS**
Insuring Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Additional Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Additional Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Limits of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Financial Responsibility Laws . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Other Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Out-of-State Coverage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**PART II - MEDICAL PAYMENTS COVERAGE**
Insuring Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Additional Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Limits of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Unreasonable or Unnecessary Medical Expenses . . . . . . . . . . . . . . . . . 8
Other Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**PART III - UNINSURED MOTORIST COVERAGE**
Insuring Agreement - Uninsured Motorist Bodily Injury Coverage . . . . . . . 9
Insuring Agreement - Uninsured Motorist Property Damage Coverage . . . 9
Additional Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Limits of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Other Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

i

## PART IV - DAMAGE TO A VEHICLE

Insuring Agreement - Collision Coverage . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Insuring Agreement - Comprehensive Coverage . . . . . . . . . . . . . . . . . . . . 15
Insuring Agreement - Additional Custom Parts or Equipment Coverage . 16
Insuring Agreement - Rental Reimbursement Coverage . . . . . . . . . . . . . 16
Insuring Agreement - Loan/Lease Payoff Coverage. . . . . . . . . . . . . . . . . 17
Additional Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
Exclusions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
Limits of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
Payment of Loss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
No Benefit to Bailee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
Loss Payable Clause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
Other Sources of Recovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
Appraisal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## PART V - ROADSIDE ASSISTANCE COVERAGE

Insuring Agreement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
Additional Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
Exclusions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
Unauthorized Service Provider . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
Other Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## PART VI - DUTIES IN CASE OF AN ACCIDENT OR LOSS . . . . . . . . . . . . . 24

## PART VII - GENERAL PROVISIONS

Policy Period and Territory . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
Changes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
Duty to Report Changes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
Settlement of Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
Terms of Policy Conformed to Statutes. . . . . . . . . . . . . . . . . . . . . . . . . . . 26
Transfer of Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
Fraud or Misrepresentation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
Payment of Premium and Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
Cancellation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
Cancellation Refund . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
Nonrenewal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
Automatic Termination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
Legal Action Against Us . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
Our Rights to Recover Payment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29
Joint and Individual Interests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29
Bankruptcy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

# TENNESSEE AUTO POLICY

## INSURING AGREEMENT

In return for **your** payment of the premium, **we** agree to insure **you** subject to all the terms, conditions, and limitations of this policy. **We** will insure **you** for the coverages and the limits of liability shown on this policy's **declarations page**. **Your** policy consists of the policy contract, **your** insurance application, the **declarations page**, and all endorsements to this policy.

## GENERAL DEFINITIONS

The following definitions apply throughout the policy. Defined terms are printed in boldface type and have the same meaning whether in the singular, plural, or any other form.

1.  **"Additional auto"** means an **auto you** become the owner of during the policy period that does not permanently replace an **auto** shown on the **declarations page** if:
    a.  **we** insure all other **autos you** own;
    b.  the **additional auto** is not covered by any other insurance policy;
    c.  **you** notify **us** within 30 days of becoming the owner of the **additional auto**; and
    d.  **you** pay any additional premium due.

    An **additional auto** will have the broadest coverage **we** provide for any **auto** shown on the **declarations page**. If **you** ask **us** to insure an **additional auto** more than 30 days after **you** become the owner, any coverage **we** provide will begin at the time **you** request coverage.

2.  **"Auto"** means a land motor vehicle:
    a.  that is a private passenger auto, pickup, or van;
    b.  designed for operation principally upon public roads;
    c.  with at least four wheels; and
    d.  with a gross vehicle weight rating of 12,000 pounds or less, according to the manufacturer's specifications.

    However, "auto" does not include step-vans, parcel delivery vans, or cargo cutaway vans or other vans with cabs separate from the cargo area.

3.  **"Auto business"** means the business of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles.

4.  **"Bodily injury"** means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

5.  **"Covered auto"** means:
    a.  any **auto** or **trailer** shown on the **declarations page** for the coverages applicable to that **auto** or **trailer**;
    b.  any **additional auto**;
    c.  any **replacement auto**; or
    d.  a **trailer** owned by **you**.

6.  **"Declarations page"** means the document showing **your** coverages, limits of liability, **covered autos**, premium, and other policy-related information. The **declarations page** may also be referred to as the Auto Insurance Coverage Summary.

7.  **"Occupying"** means in, upon, or getting in, on, out or off.

1

8. "**Relative**" means a person residing in the same household as **you**, and related to **you** by blood, marriage, or adoption, and includes a ward, stepchild, or foster child. **Your** unmarried dependent children temporarily away from home will qualify as a **relative** if they intend to continue to reside in **your** household. A foreign exchange student who resides in **your** household will qualify as a **relative** if **you** have provided **us** with the student's name, date of birth, and driver license number prior to the accident;

9. "**Replacement auto**" means an **auto** that permanently replaces an **auto** shown on the **declarations page**. A **replacement auto** will have the same coverage as the **auto** it replaces if the **replacement auto** is not covered by any other insurance policy. However, if the **auto** being replaced had coverage under Part IV - Damage To A Vehicle, such coverage will apply to the **replacement auto** only during the first 30 days after **you** become the owner unless **you** notify **us** within that 30-day period that **you** want **us** to extend coverage beyond the initial 30 days. If the **auto** being replaced did not have coverage under Part IV - Damage To A Vehicle, such coverage may be added, but the **replacement auto** will have no coverage under Part IV until **you** notify **us** of the **replacement auto** and ask **us** to add the coverage.

10. "**Trailer**" means a non-motorized trailer, including a farm wagon or farm implement, designed to be towed on public roads by an **auto** and not being used:
    a. for commercial purposes;
    b. as an office, store, or for display purposes; or
    c. as a passenger conveyance.

11. "**We**", "**us**", and "**our**" mean the underwriting company providing the insurance, as shown on the **declarations page**.

12. "**You**" and "**your**" mean:
    a. a person shown as a named insured on the **declarations page**; and
    b. the spouse of a named insured if residing in the same household at the time of the loss.

## PART I - LIABILITY TO OTHERS

### INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay damages for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident.

Damages include prejudgment interest awarded against an **insured person**.

**We** will settle or defend, at **our** option, any claim for damages covered by this Part I.

### ADDITIONAL DEFINITIONS

When used in this Part I:
1. "**Insured person**" means:
   a. **you** or a **relative** with respect to an accident arising out of the ownership, maintenance, or use of an **auto** or **trailer**;

2

b. any person in respect to an accident arising out of that person's use of a **covered auto** with the permission of **you** or a **relative**;

c. any person or organization with respect only to vicarious liability for the acts or omissions of a person described in a or b above; and

d. any Additional Interest shown on the **declarations page** with respect only to its liability for the acts or omissions of a person described in a or b above.

2. "**Property damage**" means physical damage to, destruction of, or loss of use of, tangible property.

## ADDITIONAL PAYMENTS

In addition to **our** limit of liability, **we** will pay for an **insured person**:

1. all expenses **we** incur in the settlement of any claim or defense of any lawsuit;

2. interest accruing after entry of judgment, until **we** have paid, offered to pay, or deposited in court, that portion of the judgment which does not exceed **our** limit of liability. This does not apply if **we** have not been given notice of suit or the opportunity to defend an **insured person**;

3. the premium on any appeal bond or attachment bond required in any lawsuit **we** defend. **We** have no duty to purchase a bond in an amount exceeding **our** limit of liability, and **we** have no duty to apply for or furnish these bonds;

4. up to $250 for a bail bond required because of an accident resulting in **bodily injury** or **property damage** covered under this Part I. **We** have no duty to apply for or furnish this bond; and

5. reasonable expenses, including loss of earnings up to $200 per day, incurred at **our** request.

## EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.

Coverage under this Part I, including **our** duty to defend, will not apply to any **insured person** for:

1. **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of any vehicle or trailer while being used:

    a. to carry persons or property for compensation or a fee; or

    b. for retail or wholesale delivery, including, but not limited to, the pickup, transport, or delivery of magazines, newspapers, mail, or food.

    This exclusion does not apply to shared-expense car pools;

2. any liability assumed under any contract or agreement by **you** or a **relative**;

3. **bodily injury** to an employee of that **insured person** arising out of or within the course of employment. This exclusion does not apply to domestic employees if benefits are neither paid nor required to be provided under workers' compensation, disability benefits, or similar laws;

4. **bodily injury** or **property damage** arising out of an accident involving any vehicle while being maintained or used by a person while employed or engaged in any **auto business**. This exclusion does not apply to **you**, a **relative**, or an agent or employee of **you** or a **relative**, when using a **covered auto**;

3

Case 3:12-cv-00965   Document 1-1   Filed 09/18/12   Page 13 of 42 PageID #: 17

5. **bodily injury** or **property damage** resulting from, or sustained during practice or preparation for:
   a. any pre-arranged or organized racing, stunting, speed, or demolition contest or activity; or
   b. any driving activity conducted on a permanent or temporary racetrack or racecourse;
6. **bodily injury** or **property damage** due to a nuclear reaction or radiation;
7. **bodily injury** or **property damage** for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;
8. any obligation for which the United States Government is liable under the Federal Tort Claims Act;
9. **bodily injury** or **property damage** caused by an intentional act of any **insured person**, or at the direction of any **insured person**, even if the actual injury or damage is different than that which was intended or expected;
10. **property damage** to any property owned by, rented to, being transported by, used by, or in the charge of that **insured person**. This exclusion does not apply to a rented residence or a rented garage;
11. **bodily injury** to **you** or a **relative**;
12. **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of any vehicle owned by **you** or furnished or available for **your** regular use, other than a **covered auto** for which this coverage has been purchased;
13. **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of any vehicle owned by a **relative** or furnished or available for the regular use of a **relative**, other than a **covered auto** for which this coverage has been purchased. This exclusion does not apply to **your** maintenance or use of such vehicle;
14. **bodily injury** or **property damage** arising out of **your** or a **relative's** use of a vehicle, other than a **covered auto**, without the permission of the owner of the vehicle or the person in lawful possession of the vehicle;
15. **bodily injury** or **property damage** arising out of the use of a **covered auto** while leased or rented to others or given in exchange for any compensation. This exclusion does not apply to the operation of a **covered auto** by **you** or a **relative**;
16. punitive or exemplary damages; or
17. **bodily injury** or **property damage** caused by, or reasonably expected to result from, a criminal act or omission of that **insured person**. This exclusion applies regardless of whether that **insured person** is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include traffic violations.

## LIMITS OF LIABILITY

The limit of liability shown on the **declarations page** for liability coverage is the most **we** will pay regardless of the number of:
1. claims made;

2. **covered autos**;
3. **insured persons**;
4. lawsuits brought;
5. vehicles involved in the accident; or
6. premiums paid.

If **your declarations page** shows a split limit:

1. the amount shown for "each person" is the most **we** will pay for all damages due to **bodily injury** to one person resulting from any one accident;
2. subject to the "each person" limit, the amount shown for "each accident" is the most **we** will pay for all damages due to **bodily injury** sustained by two or more persons in any one accident; and
3. the amount shown for "property damage" is the most **we** will pay for the total of all **property damage** resulting from any one accident.

The "each person" limit of liability applies to the total of all claims made for **bodily injury** to a person and all claims of others derived from such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

If the **declarations page** shows that "combined single limit" or "CSL" applies, the amount shown is the most **we** will pay for the total of all damages resulting from any one accident. However, without changing this limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

No one is entitled to duplicate payments for the same elements of damages.

Any payment to a person under this Part I will be reduced by any payment to that person under Part III - Uninsured Motorist Coverage.

If multiple auto policies issued by **us** are in effect for **you**, **we** will pay no more than the highest limit of liability for this coverage available under any one policy.

An **auto** and attached **trailer** are considered one **auto**. Therefore, the limits of liability will not be increased for an accident involving an **auto** that has an attached **trailer**.

## FINANCIAL RESPONSIBILITY LAWS

When **we** certify this policy as proof of financial responsibility, this policy will provide insurance in accordance with the Tennessee Financial Responsibility Law of 1977 and is subject to all the provisions of that law. The **insured person** must reimburse **us** if **we** make a payment that **we** would not have made if this policy was not certified as proof of financial responsibility.

5

## OTHER INSURANCE

If there is any other applicable liability insurance or bond, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for a vehicle or trailer, other than a **covered auto**, will be excess over any other collectible insurance, self-insurance or bond, except in the case of a non-owned auto operated by an **insured person** when the only liability policy in effect for such auto is a garage liability policy.

## OUT-OF-STATE COVERAGE

If an accident to which this Part I applies occurs in any state, territory, or possession of the United States of America or any province or territory of Canada, other than the one in which a **covered auto** is principally garaged, and the state, province, territory, or possession has:

1. a financial responsibility or similar law requiring limits of liability for **bodily injury** or **property damage** higher than the limits shown on the **declarations page**, this policy will provide the higher limits; or
2. a compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses an **auto** in that state, province, territory, or possession, this policy will provide the greater of:
   a. the required minimum amounts and types of coverage; or
   b. the limits of liability under this policy.

## PART II - MEDICAL PAYMENTS COVERAGE

## INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay to or on behalf of an **insured person** the reasonable expenses incurred for necessary **medical services** received within three years from the date of a **motor vehicle** accident because of **bodily injury**:

1. sustained by an **insured person**; and
2. caused by that **motor vehicle** accident.

**We**, or someone on **our** behalf, will determine:

1. whether the expenses for **medical services** are reasonable; and
2. whether the **medical services** are necessary.

## ADDITIONAL DEFINITIONS

When used in this Part II:

1. "**Insured person**" means:
   a. **you** or a **relative**:
      (i) while **occupying** an **auto**; or

6

      (ii)   when st __k by a **motor vehicle** or a trailer w__ie not **occupying** a self-propelled motorized vehicle; and

  b.   any other person while **occupying** a **covered auto** with the permission of **you** or a **relative**.

2. "**Medical services**" means medical, surgical, dental, x-ray, ambulance, hospital, professional nursing, and funeral services, and includes the cost of eyeglasses, hearing aids, pharmaceuticals, orthopedics and prosthetic devices.

3. "**Motor vehicle**" means a land motor vehicle designed for use principally on public roads.

## EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART II.

Coverage under this Part II will not apply to **bodily injury**:

1. sustained by any person while **occupying** a **covered auto** while it is being used:
   a.   to carry persons or property for compensation or a fee; or
   b.   for retail or wholesale delivery, including, but not limited to, the pickup, transport, or delivery of magazines, newspapers, mail, or food.
   This exclusion does not apply to shared-expense car pools;

2. arising out of an accident involving a vehicle while being maintained or used by a person while employed or engaged in any **auto business**. This exclusion does not apply to **you**, a **relative**, or an agent or employee of **you** or a **relative**, when using a **covered auto**;

3. to any person resulting from, or sustained during practice or preparation for:
   a.   any pre-arranged or organized racing, stunting, speed, or demolition contest or activity; or
   b.   any driving activity conducted on a permanent or temporary racetrack or racecourse;

4. due to a nuclear reaction or radiation;

5. for which insurance:
   a.   is afforded under a nuclear energy liability insurance contract; or
   b.   would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;

6. for which the United States Government is liable under the Federal Tort Claims Act;

7. sustained by any person while **occupying** any vehicle or trailer while located for use as a residence or premises;

8. if workers' compensation benefits are available for the **bodily injury**;

9. sustained by any person while **occupying** or when struck by any vehicle owned by **you** or furnished or available for **your** regular use, other than a **covered auto** for which this coverage has been purchased;

10. sustained by any person while **occupying** or when struck by any vehicle owned by a **relative** or furnished or available for the regular use of a **relative**, other than a **covered auto** for which this coverage has been purchased. This exclusion does not apply to **you**;

11. to **you** or a **relative** while **occupying** any vehicle, other than a **covered auto**, without the permission of the owner of the vehicle or the person in lawful possession of the vehicle;

7

12. to any person while occupying a **covered auto** while leased or rented to others or given in exchange for any compensation. This exclusion does not apply to the operation of a **covered auto** by **you** or a **relative**;

13. caused directly or indirectly by:
    a. war (declared or undeclared) or civil war;
    b. warlike action by any military force of any government, sovereign or other authority using military personnel or agents. This includes any action taken to hinder or defend against an actual or expected attack; or
    c. insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these acts;

14. caused directly or indirectly by:
    a. any accidental or intentional discharge, dispersal, or release of radioactive, nuclear, pathogenic, or poisonous biological material; or
    b. any intentional discharge, dispersal, or release of chemical or hazardous material for any purpose other than its safe and useful purpose; or

15. caused by, or reasonably expected to result from, a criminal act or omission of an **insured person**. This exclusion applies regardless of whether the **insured person** is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include traffic violations.

## LIMITS OF LIABILITY

The limit of liability shown on the **declarations page** for Medical Payments Coverage is the most **we** will pay for each **insured person** injured in any one accident, regardless of the number of:

1. claims made;
2. **covered autos**;
3. **insured persons**;
4. lawsuits brought;
5. vehicles involved in the accident; or
6. premiums paid.

No one will be entitled to duplicate payments under this policy for the same elements of damages.

Any amount payable to an **insured person** under this Part II will be reduced by any amount paid or payable for the same expense under Part I - Liability To Others or Part III - Uninsured Motorist Coverage.

If multiple auto policies issued by **us** are in effect for **you**, **we** will pay no more than the highest limit of liability for this coverage available under any one policy.

## UNREASONABLE OR UNNECESSARY MEDICAL EXPENSES

If an **insured person** incurs expenses for **medical services** that **we** deem to be unreasonable or unnecessary, **we** may refuse to pay for those expenses and contest them.

8

If the medical service provider sues the **insured person** because **we** refuse to pay expenses for **medical services** that **we** deem to be unreasonable or unnecessary, **we** will pay any resulting defense costs, and any resulting judgment against the **insured person**, subject to the limit of liability for this coverage. **We** will choose the counsel. **We** will also pay reasonable expenses, including loss of earnings up to $200 per day, incurred at **our** request.

The **insured person** may not sue **us** for expenses for **medical services we** deem to be unreasonable or unnecessary unless the **insured person** paid the entire disputed amount to the medical service provider or the medical service provider has initiated collection activity against the **insured person** for the unreasonable or unnecessary expenses.

## OTHER INSURANCE

If there is other applicable **auto** medical payments insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for an **insured person occupying** a vehicle or trailer, other than a **covered auto**, will be excess over any other **auto** insurance providing payments for **medical services**.

## PART III - UNINSURED MOTORIST COVERAGE

### INSURING AGREEMENT - UNINSURED MOTORIST BODILY INJURY COVERAGE

If **you** pay the premium for Uninsured Motorist Bodily Injury Coverage, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:
1.   sustained by an **insured person;**
2.   caused by an accident; and
3.   arising out of the ownership, maintenance, or use of an **uninsured motor vehicle**.

### INSURING AGREEMENT - UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE

If **you** pay the premium for Uninsured Motorist Property Damage Coverage, **we** will pay for damages which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** due to **property damage**:
1.   caused by an accident; and
2.   arising out of the ownership, maintenance or use of an **uninsured motor vehicle**.

**We** will pay under this Part III only after the limits of liability under all applicable liability bonds and policies have been exhausted by payment of judgments or settlements.

Case 3:12-cv-00965   Document 1-1   Filed 09/18/12   Page 19 of 42 PageID #: 23

Any judgment or settlement for damages against an owner or operator of an **uninsured motor vehicle** that arises out of a lawsuit brought without **our** written consent is not binding on **us**.

## ADDITIONAL DEFINITIONS

When used in this Part III:

1. "**Insured person**" means:
   a. **you** or a **relative**;
   b. any person while operating a **covered auto** with the permission of **you** or a **relative**;
   c. any person **occupying**, but not operating, a **covered auto**; and
   d. any person who is entitled to recover damages covered by this Part III because of **bodily injury** sustained by a person described in a, b, or c above.
2. "**Property damage**" means physical damage to or destruction of:
   a. a **covered auto**; or
   b. property owned by an **insured person** and contained in the **covered auto** at the time of the accident.
3. "**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:
   a. to which no liability bond or policy applies at the time of the accident; .
   b. to which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:
      (i) denies coverage; or
      (ii) is or becomes insolvent;
   c. that is a hit-and-run vehicle whose owner or operator cannot be identified and that makes actual physical contact with:
      (i) **you** or a **relative**;
      (ii) a vehicle that **you** or a **relative** are **occupying**; or
      (iii) a **covered auto**:
      provided that the **insured person**, or someone on his or her behalf, reports the accident to the police or civil authority within a reasonable time after the accident and the **insured person** was not negligent in failing to determine the identity of the hit-and-run vehicle, and the operator or owner of the hit-and-run vehicle, at the time of the accident;
   d. whose owner or operator cannot be identified and which causes an accident without actual physical contact with:
      (i) **you** or a **relative**;
      (ii) a vehicle that **you** or a **relative** are **occupying**; or
      (iii) a **covered auto**:
      provided that:
      (1) the existence of such vehicle is established by clear and convincing evidence, other than evidence provided by occupants of the **covered auto**; and
      (2) the **insured person**, or someone on his or her behalf, reports the accident to the police or civil authority within a reasonable time after the accident and the **insured person** is not negligent in failing to determine the identity of the vehicle, and the operator or owner of the vehicle, at the time of the accident; or

10

e. to which a liability bond or policy applies at the time of the accident, but the sum of the limits of liability available under all valid and collectible liability bonds and policies is less than the coverage limit for Uninsured Motorist Coverage shown on the **declarations page**.

An "**uninsured motor vehicle**" does not include any vehicle or equipment:

a. owned by **you** or a **relative** or furnished or available for the regular use of **you** or a **relative**;

b. owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer that is or becomes insolvent;

c. owned by any governmental unit or agency;

d. designed mainly for use off public roads, while not on public roads;

e. while located for use as a residence or premises; or

f. that is a **covered auto**.

## EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.

A. Coverage under this Part III will not apply:

1. to **bodily injury** sustained by any person while using or **occupying**:

    a. a **covered auto** while being used:

        (i) to carry persons or property for compensation or a fee; or

        (ii) for retail or wholesale delivery, including, but not limited to, the pick-up, transport, or delivery of magazines, newspapers, mail, or food.

        This exclusion does not apply to shared-expense car pools; or

    b. a motor vehicle that is owned by or available for the regular use of **you** or a **relative**. This exclusion does not apply to a **covered auto** that is insured under this Part III;

2. to **bodily injury** sustained by **you** or a **relative** while using any vehicle, other than a **covered auto**, without the permission of the owner of the vehicle or the person in lawful possession of the vehicle;

3. directly or indirectly to benefit any insurer or self-insurer under any of the following or similar laws:

    a. workers' compensation law; or

    b. disability benefits law;

4. to any punitive or exemplary damages; or

5. to **bodily injury** sustained by any person if that person or the legal representative of that person settles without **our** written consent.

B. Coverage under this Part III will not apply to **property damage**:

1. sustained while a **covered auto** is being used:

    a. to carry persons or property for compensation or a fee; or

    b. for retail or wholesale delivery, including, but not limited to, the pickup, transport, or delivery of magazines, newspapers, mail, or food.

    This exclusion does not apply to shared-expense car pools;

11

2. resulting from, or sustained during practice or preparation for:
   a. any pre-arranged or organized racing, stunting, speed, or demolition contest or activity; or
   b. any driving activity conducted on a permanent or temporary racetrack or racecourse: or
3. to a **covered auto** for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability.

C. Coverage under this Part III will not apply to damage to a **trailer**.

## LIMITS OF LIABILITY

The limit of liability shown on the **declarations page** for Uninsured Motorist Coverage is the most **we** will pay regardless of the number of:
1. claims made;
2. **covered autos**;
3. **insured persons**;
4. lawsuits brought;
5. vehicles involved in the accident; or
6. premiums paid.

If **your declarations page** shows a split limit:
1. the amount shown for "each person" is the most **we** will pay for all damages due to **bodily injury** to one person;
2. subject to the "each person" limit, the amount shown for "each accident" is the most **we** will pay for all damages due to **bodily injury** sustained by two or more persons in any one accident; and
3. the amount shown for "property damage" is the most **we** will pay for the aggregate of all **property damage** caused by any one accident.

The "each person" limit of liability includes the total of all claims made for **bodily injury** to an **insured person** and all claims of others derived from such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

If the **declarations page** shows that "combined single limit" or "CSL" applies, the amount shown is the most **we** will pay for the total of all damages for which this coverage applies that results from any one accident. However, without changing this total limit of liability. **we** will comply with any law that requires **us** to provide any separate limits.

The limits of liability under this Part III for **bodily injury** will be reduced by all sums:
1. paid because of **bodily injury** by or on behalf of any persons or organizations that may be legally responsible;

12

Case 3:12-cv-00965   Document 1-1   Filed 09/18/12   Page 22 of 42 PageID #: 26

2. paid under Part    Liability To Others; and
3. paid or payable because of **bodily injury** under any of the following or similar laws:
   a.   workers' compensation law; or
   b.   disability benefits law.

The limit of liability for **property damage** to a **covered auto** is the lowest of:
1. the actual cash value of the **covered auto** at the time of the accident;
2. the amount necessary to replace the **covered auto**;
3. the amount necessary to repair the **covered auto** to its pre-loss condition; or
4. the limit of liability shown on the **declarations page** for Uninsured Motorist Property Damage Coverage.

The limit of liability for **property damage** under this Part III will be reduced by all sums paid because of **property damage** by or on behalf of any persons or organizations that may be legally responsible, including, but not limited to, all sums paid under Part I - Liability To Others.

**We** shall not pay for **property damage** to the extent that such damages are paid or payable under any other property damage or physical damage insurance, including all sums paid or payable under Part IV - Damage To A Vehicle.

Payments for **property damage** under this Part III are subject to the following provisions:
1. any amount payable under this Part III for **property damage** shall be subject to the deductible shown on the **declarations page**;
2. no more than one deductible shall be applied to any one accident; and
3. the deductible shown on the **declarations page** shall be waived for **property damage** if:
   a.   the **covered auto** is covered for Collision Coverage under Part IV - Damage To A Vehicle; and
   b.   the operator of the **uninsured motor vehicle** is positively identified and is solely at fault;

**We** will not pay under this Part III any expenses paid or payable under Part II - Medical Payments Coverage.

No one will be entitled to duplicate payments for the same elements of damages.

## OTHER INSURANCE

If an **insured person** sustains **bodily injury**:
1. while not **occupying** an **auto**, the insurance on the **auto** under which the **insured person** is an insured with the highest limits of uninsured motorist coverage shall apply, and no other uninsured motorist coverage shall apply. In no instance shall uninsured motorist coverage from more than one policy be available as primary coverage. If two or more policies provide the highest limit, all such policies will share the loss equally;
2. while **occupying** an **auto** owned by that **insured person**, only the limits of uninsured motorist coverage on the **auto** in which the **insured person** is an occupant

13

Case 3:12-cv-00965   Document 1-1   Filed 09/18/12   Page 23 of 42 PageID #: 27

shall apply. The its of uninsured motorist coverage shall not be increased because of multiple **autos**, whether covered under a single policy or multiple policies. and in no event shall the total amount of recovery from all policies and bonds, including any amount recovered under the **insured person's** uninsured motorist coverage, exceed the limits of the **insured person's** uninsured motorist coverage;

3. while **occupying** an **auto** not owned by that **insured person**, the following priorities of recovery under uninsured motorist coverage apply:

   a) first priority coverage: the uninsured motorist coverage on the **auto** in which the **insured person** was an occupant shall be the primary uninsured motorist coverage;

   b) second priority coverage: if the first priority coverage is exhausted due to the extent of compensatory damages, then the uninsured motorist coverage provided by a policy under which the **insured person** is a named insured shall be applicable as excess coverage to the first priority coverage, provided that if the **insured person** is covered as a named insured under more than one policy, then only the policy with the highest limits of uninsured motorist coverage shall apply. If two or more policies provide the highest limit, all such policies will share the loss equally;

   c) third priority coverage: if the first priority coverage and the second priority coverage, if applicable, are exhausted due to the extent of compensatory damages, then the uninsured motorist coverage provided by a policy under which the **insured person** is covered other than as a named insured shall be applicable as excess coverage to the first priority coverage and the second priority coverage, provided that if the **insured person** is covered by more than one such policy, then only the policy with the highest limits of uninsured motorist coverage shall apply. If two or more policies provide the highest limit, all such policies will share the loss equally.

In no instance may the **insured person** receive total benefits from all policies providing first, second, and third priority coverage in an amount greater than the limits of the policy providing the highest limits of uninsured motorist coverage.

## ARBITRATION

If we and an **insured person** cannot agree on:

1. the legal liability of the operator or owner of an **uninsured motor vehicle**; or
2. the amount of the damages sustained by the **insured person**;

this will be determined by arbitration if **we** and the **insured person** mutually agree to arbitration prior to the expiration of the bodily injury statute of limitations in the state in which the accident occurred.

In the event of arbitration, each party will select an arbitrator. The two arbitrators will select a third. If the two arbitrators cannot agree on a third arbitrator within 30 days, then on joint application by the **insured person** and **us**, the third arbitrator will be appointed by a court having jurisdiction.

Each party will pay the costs and fees of its arbitrator and any other expenses it incurs. The costs and fees of the third arbitrator will be shared equally.

14

Unless both parties agree otherwise, arbitration will take place in the county in which the **insured person** resides. Local rules of procedure and evidence will apply.

A decision agreed to by two of the arbitrators will be binding with respect to a determination of:

1. the legal liability of the operator or owner of an **uninsured motor vehicle**; and
2. the amount of the damages sustained by the **insured person**.

The arbitrators will have no authority to award an amount in excess of the limit of liability.

**We** and an **insured person** may agree to an alternate form of arbitration.

## PART IV - DAMAGE TO A VEHICLE

## INSURING AGREEMENT - COLLISION COVERAGE

If **you** pay the premium for this coverage, **we** will pay for sudden, direct, and accidental loss to a:

1. **covered auto**, including an attached **trailer**; or
2. **non-owned auto**;

and its **custom parts or equipment**, resulting from **collision**.

In addition, **we** will pay the reasonable cost to replace any child safety seat damaged in an accident to which this coverage applies.

## INSURING AGREEMENT - COMPREHENSIVE COVERAGE

If **you** pay the premium for this coverage, **we** will pay for sudden, direct, and accidental loss to a:

1. **covered auto**, including an attached **trailer**; or
2. **non-owned auto**;

and its **custom parts or equipment**, that is not caused by **collision**.

A loss not caused by **collision** includes:

1. contact with an animal (including a bird);
2. explosion or earthquake;
3. fire;
4. malicious mischief or vandalism;
5. missiles or falling objects;
6. riot or civil commotion;
7. theft or larceny;
8. windstorm, hail, water, or flood; or
9. breakage of glass not caused by **collision**.

In addition, **we** will pay for:

1. reasonable transportation expenses incurred by **you** if a **covered auto** is stolen; and

15

2.  loss of use damages that **you** are legally liable to pay if a non-owned **auto** is stolen. A combined maximum of $900, not exceeding $30 per day, will apply to these additional benefits. The additional benefit for transportation expenses will not apply if **you** purchased Rental Reimbursement Coverage for the stolen **covered auto**.

Coverage for transportation expenses and loss of use damages begins 48 hours after **you** report the theft to **us** and ends the earliest of:

1.  when the **auto** has been recovered and returned to **you** or its owner;
2.  when the **auto** has been recovered and repaired;
3.  when the **auto** has been replaced; or
4.  72 hours after **we** make an offer to settle the loss if the **auto** is deemed by **us** to be a total loss.

**We** must receive written proof of transportation expenses and loss of use damages.

## INSURING AGREEMENT - ADDITIONAL CUSTOM PARTS OR EQUIPMENT COVERAGE

**We** will pay for sudden, direct, and accidental loss to **custom parts or equipment** on a **covered auto** for which this coverage has been purchased. This coverage applies only if **you** have purchased both Comprehensive Coverage and Collision Coverage for that **covered auto** and the loss is covered under one of those coverages. This coverage applies in addition to any coverage automatically provided for **custom parts or equipment** under Comprehensive Coverage or Collision Coverage.

## INSURING AGREEMENT - RENTAL REIMBURSEMENT COVERAGE

**We** will reimburse rental charges incurred when **you** rent an **auto** from a rental agency or auto repair shop due to a loss to a **covered auto** for which Rental Reimbursement Coverage has been purchased. This coverage applies only if **you** have purchased both Comprehensive Coverage and Collision Coverage for that **covered auto** and the loss is covered under one of those coverages.

Additional fees or charges for insurance, damage waivers, optional equipment, fuel, or accessories are not covered.

This coverage is limited to the each day limit shown on the **declarations page** for a maximum of 30 days.

If Rental Reimbursement Coverage applies, no other coverage under this policy for rental expenses will apply.

Rental charges will be reimbursed beginning:

1.  when the **covered auto** cannot be driven due to a loss; or
2.  if the **covered auto** can be driven, when **you** deliver the **covered auto** to an auto repair shop or one of **our** Claims Service Centers for repairs due to the loss:

16

and ending the earlier of:

1. when the **covered auto** has been returned to **you**;
2. when the **covered auto** has been repaired;
3. when the **covered auto** has been replaced;
4. 72 hours after **we** make an offer to settle the loss if the **covered auto** is deemed by **us** to be a total loss; or
5. when **you** incur 30 days worth of rental charges.

**You** must provide **us** written proof of **your** rental charges to be reimbursed.

## INSURING AGREEMENT - LOAN/LEASE PAYOFF COVERAGE

If **you** pay the premium for this coverage, and the **covered auto** for which this coverage was purchased is deemed by **us** to be a total loss, **we** will pay, in addition to any amounts otherwise payable under this Part IV, the difference between:

1. the actual cash value of the **covered auto** at the time of the total loss; and
2. any greater amount the owner of the **covered auto** is legally obligated to pay under a written loan or lease agreement to which the **covered auto** is subject at the time of the total loss, reduced by:
   a. unpaid finance charges or refunds due to the owner for such charges;
   b. excess mileage charges or charges for wear and tear;
   c. charges for extended warranties or refunds due to the owner for extended warranties;
   d. charges for credit insurance or refunds due to the owner for credit insurance;
   e. past due payments and charges for past due payments; and
   f. collection or repossession expenses.

However, **our** payment under this coverage shall not exceed the limit of liability shown on the **declarations page**. The limit of liability is a percentage of the actual cash value of the **covered auto** at the time of the loss.

This coverage applies only if **you** have purchased both Comprehensive Coverage and Collision Coverage for that **covered auto** and the loss is covered under one of those coverages.

## ADDITIONAL DEFINITIONS

When used in this Part IV:

1. "**Collision**" means the upset of a vehicle or its impact with another vehicle or object.
2. "**Custom parts or equipment**" means equipment, devices, accessories, enhancements, and changes, other than those that are offered by the manufacturer specifically for that **auto** model, or that are installed by the auto dealership as part of the original sale of a new **auto**, that:
   a. are permanently installed or attached; and
   b. alter the appearance or performance of the **auto**.

17

3. "**Mechanical pa...**" means operational parts on a vehicle that wear out over time or have a finite useful life or duration typically shorter than the life of the vehicle as a whole. **Mechanical parts** do not include external crash parts, wheels, paint, or windshields and other glass.

4. "**Non-owned auto**" means an **auto** that is not owned by or furnished or available for the regular use of **you** or a **relative** while in the custody of or being operated by **you** or a **relative** with the permission of the owner of the **auto** or the person in lawful possession of the **auto**.

**EXCLUSIONS** - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EX-CLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART IV.

Coverage under this Part IV will not apply for loss:

1. to any vehicle while being used:
   a. to carry persons or property for compensation or a fee; or
   b. for retail or wholesale delivery, including, but not limited to, the pickup, trans-port, or delivery of magazines, newspapers, mail, or food.

   This exclusion does not apply to shared-expense car pools;

2. to a **non-owned auto** while being maintained or used by a person while em-ployed or engaged in any **auto business**;

3. to any vehicle resulting from, or sustained during practice or preparation for:
   a. any pre-arranged or organized racing, stunting, speed, or demolition contest or activity; or
   b. any driving activity conducted on a permanent or temporary racetrack or race-course;

4. to any vehicle for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;

5. to any vehicle caused by an intentional act committed by or at the direction of **you**, a **relative**, or the owner of a **non-owned auto**, even if the actual damage is differ-ent than that which was intended or expected;

6. to a **covered auto** while it is leased or rented to others or given in exchange for compensation. This exclusion does not apply to the operation of a **covered auto** by **you** or a **relative**;

7. due to destruction or confiscation by governmental or civil authorities of any vehi-cle because **you** or any **relative** engaged in illegal activities;

8. to any vehicle that is due and confined to:
   a. wear and tear;
   b. freezing;
   c. mechanical, electrical, or electronic breakdown or failure; or
   d. road damage to tires.

   This exclusion does not apply if the damage results from the theft of a vehicle;

9. to portable equipment, devices, accessories, and any other personal effects that are not permanently installed. This includes, but is not limited to:
   a. tapes, compact discs, cassettes, DVDs, and other recording or recorded media;

18

b. any case or other container designed for use in storing or carrying tapes, compact discs, cassettes, DVDs, or other recording or recorded media;

c. any device used for the detection or location of radar, laser, or other speed measuring equipment or its transmissions; and

d. CB radios, telephones, two-way mobile radios, DVD players, personal computers, personal digital assistants, or televisions;

10. to any vehicle for diminution of value;

11. to any vehicle caused directly or indirectly by:

a. war (declared or undeclared) or civil war;

b. warlike action by any military force of any government, sovereign or other authority using military personnel or agents. This includes any action taken to hinder or defend against an actual or expected attack; or

c. insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these acts;

12. to any vehicle caused directly or indirectly by:

a. any accidental or intentional discharge, dispersal or release of radioactive, nuclear, pathogenic or poisonous biological material; or

b. any intentional discharge, dispersal or release of chemical or hazardous material for any purpose other than its safe and useful purpose; or

13. to any vehicle caused by, or reasonably expected to result from, a criminal act or omission of **you**, a **relative**, or the owner of a **non-owned auto**. This exclusion applies regardless of whether **you**, the **relative**, or the owner of the **non-owned auto** is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include traffic violations.

## LIMITS OF LIABILITY

1. The limit of liability for loss to a **covered auto**, **non-owned auto**, or **custom parts or equipment** is the lowest of:

a. the actual cash value of the stolen or damaged property at the time of the loss reduced by the applicable deductible;

b. the amount necessary to replace the stolen or damaged property reduced by the applicable deductible;

c. the amount necessary to repair the damaged property to its pre-loss condition reduced by the applicable deductible; or

d. the Stated Amount shown on the **declarations page** for that **covered auto**; However, the most **we** will pay for loss to:

a. **custom parts or equipment** is $1,000 unless **you** purchased Additional Custom Parts or Equipment Coverage ("ACPE"). If **you** purchased ACPE, the most **we** will pay is $1,000 plus the amount of ACPE **you** purchased;

b. a **trailer** is the limit of liability shown on the **declarations page** for that **trailer**. If the **trailer** is not shown on the **declarations page**, the limit of liability is $500.

2. Payments for loss to a **covered auto**, **non-owned auto**, or **custom parts or equipment** are subject to the following provisions:

a. If coverage applies to a **non-owned auto**, **we** will provide the broadest coverage applicable to any **covered auto** shown on the **declarations page**.

b. If **you** have selected a Stated Amount for a **covered auto**, the Stated Amount is the most **we** will pay for all loss to that **covered auto**, including its **custom parts or equipment**.

c. Coverage for **custom parts or equipment** will not cause **our** limit of liability for loss to an **auto** under this Part IV to be increased to an amount in excess of the actual cash value of the **auto**, including its **custom parts or equipment**.

d. In determining the amount necessary to repair damaged property to its pre-loss condition, the amount to be paid by **us**:

(i) will not exceed the prevailing competitive labor rates charged in the area where the property is to be repaired and the cost of repair or replacement parts and equipment, as reasonably determined by **us**; and

(ii) will be based on the cost of repair or replacement parts and equipment which may be new, reconditioned, remanufactured, or used, including, but not limited to:

(a) original manufacturer parts or equipment; and

(b) nonoriginal manufacturer parts or equipment.

However, if a **covered auto** is the current year model or immediate prior year model, the amount **we** will pay will not be based on the use of any non-mechanical sheet metal or plastic parts which generally constitute the exterior of a motor vehicle, including inner and outer panels, not made for or by the manufacturer of the **covered auto** without **your** permission.

e. To determine the amount necessary to repair or replace the damaged property as referred to in subsection 1, the total cost of necessary repair or replacement may be reduced by unrepaired prior damage. Unrepaired prior damage includes broken, cracked, or missing parts; rust; dents; scrapes; gouges; and peeling paint. The reduction for unrepaired prior damage is the cost of labor, parts, and materials necessary to repair or replace damage, deterioration, defects, or wear and tear on exterior body parts, windshields and other glass, wheels, and paint, that existed prior to the accident and that is eliminated as a result of the repair or replacement of property damaged in the loss.

f. To determine the amount necessary to repair or replace the damaged property as referred to in subsection 1, an adjustment may be made for betterment or depreciation and physical condition on:

(i) batteries;

(ii) tires;

(iii) engines and transmissions, if the engine has greater than 80,000 miles; and

(iv) any other **mechanical parts** that are nonfunctioning or inoperative.

We will not make an adjustment for the labor costs associated with the replacement or repair of these parts.

g. The actual cash value is determined by the market value, age, and condition of the vehicle at the time the loss occurs.

3. Any payment to a person under this Part IV shall be reduced by any amount paid for **property damage** under this policy's Part III - Uninsured Motorist Coverage.

20

4. No deductible w... apply to a loss to window glass when the glass is repaired instead of replaced.
5. Duplicate recovery for the same elements of damages is not permitted.

## PAYMENT OF LOSS

**We** may, at **our** option:
1. pay for the loss in money; or
2. repair or replace the damaged or stolen property.

At **our** expense, **we** may return any recovered stolen property to **you** or to the address shown on the **declarations page**, with payment for any damage resulting from the theft. **We** may keep all or part of the property at the agreed or appraised value.

**We** may settle any loss with **you** or the owner or lienholder of the property.

## NO BENEFIT TO BAILEE

Coverage under this Part IV will not directly or indirectly benefit any carrier or other bailee for hire.

## LOSS PAYABLE CLAUSE

Payment under this Part IV for a loss to a **covered auto** will be made according to **your** interest and the interest of any lienholder shown on the **declarations page** or designated by **you**. At **our** option, payment may be made to both jointly, or to either separately. Either way, **we** will protect the interest of both. However, if the **covered auto** is not a total loss, **we** may make payment to **you** and the repairer of the **auto**.

Protection of the lienholder's financial interest will not be affected by any act or omission by any person entitled to coverage under this policy.

If this policy is cancelled, nonrenewed, or voided, the interest of any lienholder under this agreement will also terminate.

When **we** make payment to a lienholder for loss under this policy, **we** will be subrogated to the rights of the party **we** pay, to the extent of **our** payment. When **we** pay a lienholder for a loss for which **you** are not covered, **we** are entitled to the lienholder's right of recovery against **you** to the extent of **our** payment. **Our** right to subrogation will not impair the lienholder's right to recover the full amount of its claim.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for a **non-owned auto**, or **trailer** not

21

Case 3:12-cv-00965   Document 1-1   Filed 09/18/12   Page 31 of 42 PageID #: 35

shown on the **declarations page**, will be excess over any other collectible source of recovery including, but not limited to:

1. any coverage provided by the owner of the **non-owned auto** or **trailer**;
2. any other applicable physical damage insurance; and
3. any other source of recovery applicable to the loss.

## APPRAISAL

If **we** cannot agree with **you** on the amount of a loss, then **we** or **you** may demand an appraisal of the loss. Within 30 days of any demand for an appraisal, each party shall appoint a competent and impartial appraiser and shall notify the other party of that appraiser's identity. The appraisers will determine the amount of loss. If they fail to agree, the disagreement will be submitted to a qualified and impartial umpire chosen by the appraisers. If the two appraisers are unable to agree upon an umpire within 15 days, **we** or **you** may request that a judge of a court of record, in the county where **you** reside, select an umpire. The appraisers and umpire will determine the amount of loss. The amount of loss agreed to by both appraisers, or by one appraiser and the umpire, will be binding. **You** will pay **your** appraiser's fees and expenses. **We** will pay **our** appraiser's fees and expenses. All other expenses of the appraisal, including payment of the umpire if one is selected, will be shared equally between **us** and **you**. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

## PART V - ROADSIDE ASSISTANCE COVERAGE

## INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay for **our** authorized service representative to provide the following services when necessary due to a **covered emergency**:

1. towing of a **covered disabled auto** to the nearest qualified repair facility; and
2. labor on a **covered disabled auto** at the place of disablement.

If a **covered disabled auto** is towed to any place other than the nearest qualified repair facility, **you** will be responsible for any additional charges incurred.

## ADDITIONAL DEFINITIONS

When used in this Part V:

1. "**Covered disabled auto**" means a **covered auto** for which this coverage has been purchased that sustains a **covered emergency**.
2. "**Covered emergency**" means a disablement that is a result of:
   a. mechanical or electrical breakdown;
   b. battery failure;
   c. insufficient supply of fuel, oil, water, or other fluid;
   d. flat tire;
   e. lock-out; or

Case 3:12-cv-00965   Document 1-1   Filed 09/18/12   Page 32 of 42 PageID #: 36

f. entrapment snow, mud, water, or sand, within .50 feet of a road or high-way.

## EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART V.

Coverage under this Part V will not apply to:

1. the cost of purchasing parts, fluid, lubricants, fuel, or replacement keys, or the labor to make replacement keys;
2. installation of products or material not related to the disablement;
3. labor not related to the disablement;
4. labor on a **covered disabled auto** for any time period in excess of 60 minutes per disablement;
5. towing or storage related to impoundment, abandonment, illegal parking, or other violations of law;
6. assistance with jacks, levelers, airbags, or awnings;
7. towing from a service station, garage, or repair shop;
8. labor or repair work performed at a service station, garage, or repair shop;
9. auto storage charges;
10. a second service call or tow for a single disablement;
11. disablement that occurs on roads not regularly maintained, sand beaches, open fields, or areas designated as not passable due to construction, weather, or earth movement;
12. mounting or removing of snow tires or chains;
13. tire repair;
14. repeated service calls for a **covered disabled auto** in need of routine maintenance or repair;
15. disablement that results from an intentional or willful act or action by **you**, a **relative**, or the operator of a **covered disabled auto**; or
16. a trailer.

## UNAUTHORIZED SERVICE PROVIDER

When service is rendered by a provider in the business of providing roadside assistance and towing services, other than one of **our** authorized service representatives, **we** will pay only reasonable charges, as determined by **us**, for:

1. towing of a **covered disabled auto** to the nearest qualified repair facility; and
2. labor on a **covered disabled auto** at the place of disablement;

which is necessary due to a **covered emergency**.

## OTHER INSURANCE

Any coverage provided under this Part V for service rendered by an unauthorized service provider will be excess over any other collectible insurance or towing protection coverage.

23

## PART V. DUTIES IN CASE OF AN ACCIDENT OR LOSS

For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each accident or loss even if **you** or the person seeking coverage is not at fault. **You** can locate the nearest claims office by calling **us** at **1-800-776-4737**. **You** or the person seeking coverage must provide **us** with all accident or loss information including time, place, and how the accident or loss happened. **You** or the person seeking coverage must also obtain and provide **us** the names and addresses of all persons involved in the accident or loss, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved.

If a person or vehicle covered by this policy is involved in an **accident** or **loss** for which this insurance may apply, report it to **us** within twenty-four (24) hours or as soon as practicable.

If **you** or the person seeking coverage cannot identify the owner or operator of a vehicle involved in the accident, or if theft or vandalism has occurred, **you** or the person seeking coverage must notify the police within 24 hours or as soon as practicable.

A person seeking coverage must:
1. cooperate with **us** in any matter concerning a claim or lawsuit;
2. provide any written proof of loss **we** may reasonably require;
3. allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we** may conduct outside the presence of **you** or any other person seeking coverage, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;
4. promptly call to notify **us** about any claim or lawsuit and send **us** any and all legal papers relating to the claim or suit;
5. attend hearings and trials as **we** require;
6. take reasonable steps after a loss to protect the **covered auto**, or any other vehicle for which coverage is sought, from further loss. **We** will pay reasonable expenses incurred in providing that protection. If failure to provide such protection results in further loss, any additional damages will not be covered under this policy;
7. allow **us** to have the damaged **covered auto**, or any other damaged vehicle for which coverage is sought, inspected and appraised before its repair or disposal;
8. submit to medical examinations at **our** expense by doctors **we** select as often as **we** may reasonably require; and
9. authorize **us** to obtain medical and other records.

## PART VII - GENERAL PROVISIONS

### POLICY PERIOD AND TERRITORY

This policy applies only to accidents and losses occurring during the policy period shown on the **declarations page** and that occur within a state, territory, or possession of the United States of America, or a province or territory of Canada, or while a **covered auto** is being transported between their ports.

24

# CHANGES

This policy contract, **your** insurance application (which is made a part of this policy as if attached hereto), the **declarations page**, and all endorsements to this policy issued by **us**, contain all the agreements between **you** and **us**. Subject to the following, the terms of this policy may not be changed or waived except by an endorsement issued by **us**.

The premium for this policy is based on information **we** received from **you** and other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete, and to notify **us** if it changes during the policy period. If this information is incorrect, incomplete, or changes during the policy period, **you** agree that **we** may adjust **your** premium accordingly. Changes that may result in a premium adjustment are contained in **our** rates and rules. These include, but are not limited to, **you** or a **relative** obtaining a driver's license or operator's permit, or changes in:
1. the number, type, or use classification of **covered autos**;
2. operators using **covered autos**;
3. an operator's marital status;
4. the place of principal garaging of any **covered auto**;
5. coverage, deductibles, or limits of liability; or
6. rating territory or discount eligibility.

The coverage provided in **your** policy may be changed only by the issuance of a new policy or an endorsement by **us**. However, if during the policy period **we** broaden any coverage afforded under the current edition of **your** policy without additional premium charge, that change will automatically apply to **your** policy as of the date the coverage change is implemented in **your** state.

If **you** ask **us** to delete a vehicle from this policy, no coverage will apply to that vehicle as of the date and time **you** ask **us** to delete it.

# DUTY TO REPORT CHANGES

**You** must promptly notify **us** when:
1. **your** mailing or residence address changes;
2. the principal garaging address for a **covered auto** changes;
3. there is a change with respect to the residents in **your** household or the persons who regularly operate a **covered auto**;
4. an operator's marital status changes; or
5. **you** or a **relative** obtain a driver's license or operator's permit.

# SETTLEMENT OF CLAIMS

**We** may use estimating, appraisal, or injury evaluation systems to assist **us** in adjusting claims under this policy and to assist **us** in determining the amount of damages, expenses, or loss payable under this policy. Such systems may be developed by **us**

Case 3:12-cv-00965   Document 1-1   Filed 09/18/12   Page 35 of 42 PageID #: 39

or a third party and may include computer software, databases, and specialized technology.

## TERMS OF POLICY CONFORMED TO STATUTES

If any provision of this policy fails to conform to the statutes of the state listed on **your** application as **your** residence, the provision shall be deemed amended to conform to such statutes. All other provisions shall be given full force and effect. Any disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the state listed on **your** application as **your** residence.

## TRANSFER OF INTEREST

The rights and duties under this policy may not be transferred to another person without **our** written consent. However, if a named insured shown on the **declarations page** dies, this policy will provide coverage until the end of the policy period for the legal representative of the named insured, while acting as such, and for persons covered under this policy on the date of the named insured's death.

## FRAUD OR MISREPRESENTATION

This policy was issued in reliance upon the information provided on **your** insurance application. **We** may void this policy at any time, including after the occurrence of an accident or loss, if **you:**
1. made incorrect statements or representations to **us** with regard to any material fact or circumstance;
2. concealed or misrepresented any material fact or circumstance; or
3. engaged in fraudulent conduct;
at the time of application. This means that **we** will not be liable for any claims or damages that would otherwise be covered. However, if **we** void this policy and it has been certified as proof of financial responsibility, the voiding of this policy shall not affect coverage under Part I - Liability To Others, up to the minimum limits mandated by the motor vehicle financial responsibility law of Tennessee, for an accident that occurs before **we** notify the named insured that the policy is void.

**We** may deny coverage for an accident or loss if **you** or a person seeking coverage has knowingly concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

If **we** void this policy or deny coverage due to fraudulent conduct, **you** must reimburse **us** if **we** make a payment.

## PAYMENT OF PREMIUM AND FEES

If **your** initial premium payment is by check, draft, electronic funds transfer, or similar form of remittance, coverage under this policy is conditioned on payment to **us** by

26

the financial institutio. If the financial institution upon presentment does not honor the check, draft, electronic funds transfer, or similar form of remittance, this policy may, at **our** option, be deemed void from its inception. This means **we** will not be liable under this policy for any claims or damages that would otherwise be covered if the check, draft, electronic funds transfer, or similar form of remittance had been honored by the financial institution. Any action by **us** to present the remittance for payment more than once shall not affect **our** right to void this policy.

In addition to premium, fees may be charged on **your** policy. **We** may charge fees for installment payments, late payments, and other transactions. Payments made on **your** policy will be applied first to fees, then to premium due.

## CANCELLATION

**You** may cancel this policy during the policy period by calling or writing **us** and stating the future date **you** wish the cancellation to be effective.

**We** may cancel this policy during the policy period by mailing a notice of cancellation to the named insured shown on the **declarations page** at the last known address appearing in **our** records.

**We** will give at least 10 days notice of cancellation if:
1. **we** cancel during the first 59 days of the initial policy period; or
2. the policy is cancelled for nonpayment of premium.

**We** will give at least 20 days notice of cancellation in all other cases.

**We** may cancel this policy for any reason if the notice is mailed within the first 59 days of the initial policy period.

After this policy is in effect for 60 days, or if this is a renewal or continuation policy, **we** may cancel only for one or more of the following reasons:
1. nonpayment of premium;
2. the policy was obtained through material misrepresentation;
3. an insured person makes a false or fraudulent claim under this policy or knowingly aids or abets another in the presentation of such a claim;
4. loss of driving privileges through suspension or revocation of an operator's license issued to **you**, any driver in **your** household, or any regular operator of a **covered auto**, if this loss of driving privileges occurred during the policy period or within the 36 months prior to the notice of cancellation;
5. any other reason permitted by law.

Proof of mailing will be sufficient proof of notice. If this policy is cancelled, coverage will not be provided as of the effective date and time shown in the notice of cancellation. For purposes of cancellation, this policy is neither severable nor divisible. Any cancellation will be effective for all coverages for all persons and all vehicles.

27

Case 3:12-cv-00965   Document 1-1   Filed 09/18/12   Page 37 of 42 PageID #: 41

## CANCELLATION REFUND

Upon cancellation, **you** may be entitled to a premium refund. However, **our** making or offering of a refund is not a condition of cancellation.

If this policy is cancelled, any refund due will be computed on a daily pro-rata basis. However, during the initial policy period, if this policy is cancelled at **your** request or due to nonpayment of premium, any refund due will be computed on a 90 percent of a daily pro-rata basis. A 90 percent of a daily pro-rata basis is a daily, accelerated method of calculating short-rate earned premium on cancellations. Earned premium is calculated on a daily basis. **We** will supply a copy of the table to **you** on request.

## NONRENEWAL

If neither **we** nor one of **our** affiliates offers to renew or continue this policy, other than for nonpayment of premium, **we** will mail notice of nonrenewal to the named insured shown on the **declarations page** at the last known address appearing in **our** records. Proof of mailing will be sufficient proof of notice. Notice will be mailed at least 30 days before the end of the policy period.

## AUTOMATIC TERMINATION

If **we** or an affiliate offers to renew or continue this policy and **you** or **your** representative does not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due will mean that **you** have not accepted **our** offer.

If **you** obtain other insurance on a **covered auto**, any similar insurance provided by this policy will terminate as to that **covered auto** on the effective date of the other insurance.

If a **covered auto** is sold or transferred to someone other than **you** or a **relative**, any insurance provided by this policy will terminate as to that **covered auto** on the effective date of the sale or transfer.

## LEGAL ACTION AGAINST US

**We** may not be sued unless there is full compliance with all the terms of this policy.

**We** may not be sued for payment under Part I - Liability To Others until the obligation of an insured person under Part I to pay is finally determined either by judgment after trial against that person or by written agreement of the insured person, the claimant, and **us**. No one will have any right to make **us** a party to a lawsuit to determine the liability of an insured person.

If **we** retain salvage, **we** have no duty to preserve or otherwise retain the salvage for any purpose, including evidence for any civil or criminal proceeding.

Case 3:12-cv-00965   Document 1-1   Filed 09/18/12   Page 38 of 42 PageID #: 42

## OUR RIGHTS TO RECOVER PAYMENT

**We** are entitled to the rights of recovery that the insured person to whom payment was made has against another, to the extent of **our** payment. That insured person may be required to sign documents related to the recovery and must do whatever else **we** require to help **us** exercise those recovery rights, and do nothing after an accident or loss to prejudice those rights.

When an insured person has been paid by **us** and also recovers from another, the amount recovered will be held by the insured person in trust for **us** and reimbursed to **us** to the extent of **our** payment. If **we** are not reimbursed, **we** may pursue recovery of that amount directly against that insured person.

If an insured person recovers from another without **our** written consent, the insured person's right to payment under any affected coverage will no longer exist.

If **we** elect to exercise **our** rights of recovery against another, **we** will also attempt to recover any deductible incurred by an insured person under this policy unless **we** are specifically instructed by that person not to pursue the deductible. We have no obligation to pursue recovery against another for any loss not covered by this policy.

**We** reserve the right to compromise or settle the deductible and property damage claims against the responsible parties for less than the full amount. **We** reserve the right to incur reasonable expenses and attorney fees in pursuit of the recovery.

If the total recovery is less than the total of **our** payment and the deductible, **we** will reduce reimbursement of the deductible based on the proportion that the actual recovery bears to the total of **our** payment and the deductible. A proportionate share of collection expenses and attorney fees incurred in connection with these recovery efforts will also reduce reimbursement of the deductible.

These provisions will be applied in accordance with state law.

## JOINT AND INDIVIDUAL INTERESTS

If there is more than one named insured on this policy, any named insured may cancel or change this policy. The action of one named insured will be binding on all persons provided coverage under this policy.

## BANKRUPTCY

The bankruptcy or insolvency of an insured person will not relieve **us** of any obligations under this policy.

Case 3:12-cv-00965   Document 1-1   Filed 09/18/12   Page 39 of 42 PageID #: 43

PROGRESSIVE CLAIMS
555 MARRIOTT DR SUITE 500
NASHVILLE, TN 37214

Claim Number: 11-2521486
Loss Date: April 13, 2011
Document Date: September 9, 2011
Page 1 of 2

ALEXANDER DAVIDOFF
9694 SPLIT LOG ROAD
BRENTWOOD, TN 37027

CERTIFIED AND REGULAR MAIL
7011 1150 0002 0732 3601

claims.progressive.com
Track the status and details of your claim,
e-mail your representative or report a new claim.

# Important information about your claim

We have carefully examined the circumstances surrounding this loss and believe that we have sufficient information at this time to make a proper decision regarding this claim. Our investigation revealed that there is no evidence that a theft occurred and therefore a loss covered under your policy did not occur. Please refer to the Tennessee Auto policy form 9610/1006 on pages 15 & 26.

**PART IV - D.**
INSURING AGREEMENT - COMPREHENSIVE COV...
If you pay the premium for this coverage, we v...
1. **covered auto**, including an attached trailer...
2. **non-owned auto**;
and its **custom parts or equipment**, that is not c...

A loss not caused by **collision** includes:

7. theft or larceny;

**PART VII - (**
FRAUD OR MISREPRESENTATION
This policy was issued in reliance upon the in...
may void this policy at any time, including aft...
1. made incorrect statements or represe...
circumstance;
2. concealed or misrepresented any materi...
3. engaged in fraudulent conduct;
at the time of application. This means that we r...
otherwise be covered. However, if we void t...
responsibility, the voiding of this policy shall n...
the minimum limits mandated by the motor ...
accident that occurs before we notify the named insured that the policy is void.

We may deny coverage for an accident or loss if **you** or a person seeking coverage has knowingly concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

If we void this policy or deny coverage due to fraudulent conduct, **you** must reimburse **us** if we make a payment.

The facts of this loss were misrepresented by you, therefore, we must deny coverage for this loss.

Please feel free to contact me with any questions.

REXANNE GREEN
Claims Department
1-901-379-3363
1-800-PROGRESSIVE (1-800-776-4737)
Fax: 1-901-377-5090



STATE OF TENNESSEE
**DEPARTMENT OF COMMERCE AND INSURANCE**
CONSUMER INSURANCE SERVICES
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243-0574
TELEPHONE (615) 741-2218
FAX (615) 532-7389

August 7, 2012

SHAWN SIRGO
2300 21ST AVENUE SOUTH, STE. 200
NASHVILLE TN 37212

**Tracking Number: 32847**
**Respondent: Progressive Casualty Insurance Company**

Dear Shawn Sirgo:

We have received your recent inquiry to the Tennessee Insurance Department.

Your case will be handled as quickly as possible. It should be noted that matters of this type often become somewhat involved and time consuming. Normally, you can expect to receive a response within six weeks of this date. Your patience and understanding will be appreciated.

In the meantime, if you find it necessary to correspond further with the Department, please make reference to the above file number. Our phone number is 1-800-342-4029 if outside the Davidson County calling area, and 741-2218 if you're calling locally.

Sincerely,

Wesley Boyd,
Investigator
Consumer Insurance Services Section
g.wesley.boyd@tn.gov

Service of Process
Dept. of Commerce & Insurance
500 James Robertson Pkwy.-4th
Nashville TN 37243

CERTIFIED MAIL

7011 2970 0003 4364 9378

FIRST CLASS

UNITED STATES POSTAL SERVICE

$ 07.60⁰
0000432626
SEP 11 2012
MAILED FROM ZIP CODE 37243

02 1M

7011 2970 0003 4364 9378
PROGRESSIVE CASUALTY INSURANCE CO
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710
9/6/12