UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALEXANDER DAVIDOFF and <br> OLENA DAVIDOFF, <br><br>     Plaintiffs, <br><br> v. <br><br> PROGRESSIVE HAWAII INSURANCE <br> COMPANY, <br><br>     Defendant. | No. 3:12-00965 <br> Judge Sharp |

## MEMORANDUM

In this action which was removed from the Davidson County Chancery Court, Plaintiffs Alexander and Olena Davidoff, husband and wife, filed suit for breach of contract and violations of the Tennessee Consumer Protection Act ("TCPA") against their insurer. Defendant Progressive Hawaii Insurance Company has filed a partial Motion to Dismiss (Docket No. 6), seeking dismissal of Plaintiffs' TCPA claim and their request for punitive damages. For the following reasons, that Motion will be granted.

## I. DISCUSSION

This litigation arose after Plaintiffs' 2011 Toyota Tundra was allegedly stolen at some point between April 13 and April 18, 2011, from a parking garage at the Vanderbilt Medical Center. According to the Complaint, Defendant refused their insurance claim "based upon the unsupported and erroneous belief that the Plaintiffs stole their own vehicle." (Complaint ¶ 12).

Count 4 of the Complaint alleges a violation of the TCPA. This cause of action is statutorily barred.

1

In Myint v. Allstate Ins. Co., 970 S.W.2d 920 (Tenn. 1998), the Tennessee Supreme Court held that "the mere existence of comprehensive insurance regulations does not prevent the Consumer Protection Act from also applying to the acts or practices of an insurance company." Id. at 926. However, this holding was effectively overruled on April 29, 2011, when the Tennessee legislature enacted H.B. 1189/S.B. 1912. Codified at Tenn. Code Ann. § 56-8-113, the legislation provides:

> Notwithstanding any other law, title 50 and this title shall provide the sole and exclusive statutory remedies and sanctions applicable to an insurer, person, or entity licensed, permitted, or authorized to do business under this title for alleged breach of, or for alleged unfair or deceptive acts or practices in connection with, a contract of insurance as such term is defined in § 56-7-101(a). Nothing in this section shall be construed to eliminate or otherwise affect any:
>
> (1) Remedy, cause of action, right to relief or sanction available under common law;
>
> (2) Right to declaratory, injunctive or equitable relief, whether provided under title 29 or the Tennessee Rules of Civil Procedure; or
>
> (3) Statutory remedy, cause of action, right to relief or sanction referenced in title 50 or this title.

Tenn. Code Ann. § 56-8-113.

In response to Defendant's reliance upon this statutory provision for dismissal of the TCPA claim, Plaintiffs argue "[e]xceptions to the law were incorporated which expose the insurer to a claim under the Tennessee Consumer Protection Act [which] brought with it exposure for attorney fees and the potential for trebled damages." (Docket No. 11 at 2). Plaintiffs do not identify the "exceptions" that would allow their TCPA claim to go forward, and the listed exceptions in the statute do not permit that result.

The exceptions identified are common law causes of action, declaratory, injunctive, or equitable relief, and rights to relief or sanctions allowed under Title 50 (Workers Compensation),

2

or Title 56 (Insurance). Nothing within the statute allows for the prosecution of a TCPA claim against this Defendant based upon the alleged mishandling of an insurance claim. Plaintiffs' claims brought pursuant to the TCPA are barred as a matter of law, as are their request for attorney's fees, treble damages, and punitive damages under the Act.

Plaintiffs breach of contract claim is a common law claim and, as such, is not barred by the provisions of Tenn. Code Ann. § 56-8-113. Recognizing as much, Defendant nevertheless seeks dismissal of Plaintiffs' request for punitive damages based upon the alleged breach of contract.

In moving to dismiss, Defendant relies upon Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992) wherein the Tennessee Supreme Court held that punitive damages may be awarded only in the most egregious of cases. Cases allowing the imposition of punitive damages occur where a defendant has acted either, 1) intentionally, 2) fraudulently, 3) maliciously, or 4) recklessly. Id. at 901. This argument is unpersuasive because, while the "general rule [is] that punitive damages are not proper in a breach of contract case . . . [t]here are exceptions [for] cases involving 'fraud, malice, gross negligence or oppression." Medley v. A.W. Chesterton Co., 912 S.W.2d 748, 753 (Tenn. Ct. App. 1995) (quoting, Bryson v. Bramlett, 321 S.W.2d 555, 557 (1958)); accord, Aerospace Products Intern., Inc. v. FWF, Inc., 2009 WL 902306 at *6 (W.D. Tenn. 2009).

The better argument, and the one raised in Defendant's reply, is that Plaintiffs' request for punitive damages is barred by Tenn. Code Ann. § 56-7-105. That statute provides:

> (a) The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that the

3

failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided, further, that the additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

Tenn. Code Ann. § 56-7-105(a).

Shortly before the Motion to Dismiss was filed this case, the Sixth Circuit in Heil Co. v. Evanston Ins. Co., 690 F.3d 722 (6th Cir. 2012) discussed an award of punitive damages for a bad faith refusal to pay claim against an insurer. In language the Court finds dispositive of the request for punitive damages under the breach of contract claim in this case, the Sixth Circuit wrote:

> . . . Tennessee *does* permit a plaintiff to recover punitive damages for breach of contract, when he or she shows "fraud, malice, gross negligence, or oppression." Medley v. A.W. Chesterton Co., 912 S.W.2d 748, 752–53 (Tenn. Ct. App. 1995). But Tenn. Code Ann. § 56–7–105 precludes punitive damages here because it provides the exclusive extracontractual remedy for an insurer's bad faith refusal to pay on a policy. See Mathis v. Allstate Ins. Co., 959 F.2d 235, 1992 WL 70192, at *4, 1992 U.S.App. LEXIS 7130, at *12 (6th Cir. Apr. 8, 1992) (table) ("The trial judge correctly noted that the 25 percent penalty provided for in Tenn.Code Ann. § 56–7–105(a) has been deemed the exclusive remedy for losses stemming from an insurer's bad faith refusal to pay a claim."); see also Berry v. Home Beneficial Life Ins. Co., C/A, No. 1150, 1988 WL 86489, at *1 (Tenn. Ct. App. Aug. 19, 1988) ("[A]s to the claim for punitive damages, T.C.A., § 56–7–105 is the exclusive remedy for bad faith refusal to pay claims arising from insurance policies."). The district court therefore abused its discretion by concluding that the punitive damages award could be attributed to [plaintiff's] breach of contract claim.

Heil Co., 690 F.3d at 728 (italics in original).

Here, and assuming that Plaintiffs can meet their burden of proof, see, Hampton v. Allstate Ins. Co., 48 F. Supp.2d 739, 746 (M.D. Tenn. 1999), they may be entitled to the 25% penalty and "additional expense, loss, and injury including attorney fees" as provided for in Tenn. Code Ann. § 56-7-105. They are not, however, entitled to an award of punitive damages for Defendant's alleged bad faith refusal to pay on the insurance policy, even though that claim is couched as being

4

one for breach of contract.

## II. **CONCLUSION**

For the above reasons, Defendant's Motion to Dismiss will be granted, and Plaintiffs' TCPA claim and their request for punitive damages for breach of contract will be dismissed.

An appropriate Order will be entered.

*/s/ Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE