IN THE FEDERAL COURT FOR THE MIDDLE DISTRCT OF TENNESSEE
AT NASHVILLE


| | |
|---|---|
| MR. ALEXANDER DAVIDOFF, ) <br> & OLENA DAVIDOFF (Wife), ) <br> ) <br>     Plaintiffs, ) <br> )   No: _____ <br> V. ) <br> ) <br> PROGRESSIVE INSURANCE, ) <br> ) <br>     Defendant. ) | |

## FIRST AMENDED COMPLAINT

COMES now the Plaintiffs, Mr. Alexander Davidoff and wife, Olena Davidoff ("Plaintiffs"), by and through undersigned counsel, and sues the Defendant Progressive Insurance ("PI") and for their cause of action would show the following:

## PARTIES

1. Plaintiffs are domiciled and reside in the city of Brentwood, Davidson County Tennessee.

2. Defendant is a licensed insurance company authorized to conduct business in the state of Tennessee.

3. This action arises out of the denial of compensation for loss based on unsupported allegations of fraud by the insurance company against the Plaintiffs.

4. The Chancery Court for Davidson County at Nashville, Tennessee is the court of proper jurisdiction and venue because the Defendant has subjected itself to state jurisdiction and this matter is based exclusively on state law.

1

## FACTS

5. Paragraphs 1-4 in are incorporated herein by reference.

6. On the date of incident and all material facts relating to this cause of action, the Plaintiffs maintained automotive insurance with the defendant under an active automotive insurance policy. See Attached.

7. On or near April 18, 2012, the Plaintiffs reported the theft of their 2011 Toyota Tundra from the first floor of the south garage of Vanderbilt Medical in Nashville, Tennessee (reporting agency was Vanderbilt Police, Incident Number: 11-34704).

8. The Plaintiff had parked the vehicle in the garage on or near April 13, 2011.

9. Due to the Plaintiff's access to multiple vehicles, it was a common practice to leave one vehicle at the hospital and drive home together in another vehicle with the intent to return at a later date and pick op car/vehicle left behind.

10. The vehicle was recovered by Nashville and Davidson County Police and stored in their impound lot. (MNPD Number: 11-299462).

11. When the Plaintiff initially became aware that the vehicle was recovered, their intent was to repair it without filing a claim with the insurance.

12. Once the Plaintiff's observed the extent of damage and considered the cost to repair the vehicle, a claim was filed with the Defendant. Progressive Claim Number: 11-2521486.

13. Defendant denied the claim based on unsupported and erroneous belief that the Plaintiff's stole their own vehicle.

14. Plaintiffs were served notice of claim denial on or near September 9, 2011.

15. On July 31, 2012, the Plaintiffs filed a grievance with the Tennessee Consumer Insurance Services, 500 James Robertson Parkway, 4th floor, Nashville, Tennessee 37243-0574. See Attached.

16. Basis of claim is Defendant's failure to prove that information provided was false and was provided with the intent to deceive and/or increase the risk of loss. Disposition of Consumer Complaint is pending at the time of this filing.

17. A loss occurred and the refused to pay the loss within sixty (60) days after a demand has been made by the holder of the policy.

18. Toyota Motor Credit Corp/Lexis Financial Services has a subrogation interest in the claim denial due to terms and condition of the purchase/ finance agreement between the Plaintiffs and Finance Company. Account Number: 00070001062800460001.

## CLAIMS

**Count 1: Tenn. Code Ann. § 56-7-105**(a)**.**

**A.** Additional liability upon insurers and bonding companies for bad-faith failure to pay promptly.

19. Each and every allegation set forth in paragraph 1-18 hereinabove is re-alleged and incorporated herein by reference.

20. The facts establish that a no evidence exist to support the Defendant's denial of the claim. Plaintiffs remain uncompensated for the denial of benefits (in excess of $38,443.12).

21. Plaintiffs have incurred "real" legal and administrative expenses yet to be valued.

3

22. Every contract contains an implied duty of good faith and fair dealing in its performance and enforcement.

23. The actions of Progressive are a clear violation of its good faith and fair dealing. Plaintiffs relied upon Progressive and suffered damages as a result.

### B. Breach of Fiduciary Duty and Implied Contractual Duty of Loyalty

24. Each and every allegation set forth in paragraphs 1-23 hereinabove is re-alleged and incorporated by reference.

25. Prudential breached its fiduciary duty of loyalty to the Plaintiffs by refusing to honor the claim.

**Tennessee Code Annotated: § 56-7-103.**

26. Each and every allegation set forth in paragraph 1-25 hereinabove is re-alleged and incorporated herein by reference.

27. Progressive's denial of the Plaintiffs claim for the theft of their truck is without merit in that it has not met the burden required under T.C.A. §56-7-103.


**THEREFORE:** the Plaintiffs respectfully pray for relief as follows:

A. That this Complaint be served and Defendants be required to answer within the time provided by law;

B. That a judgment be entered against Defendants for breach of duty, bad faith and other violations;

C. That the Plaintiffs receive relief to the full extent of the law under Tenn. Code Ann. § 56-7-105;

4

D. That the Plaintiffs be awarded compensation for administrative expenses resulting from the Defendant's actions.

E. That the Defendants be required to pay Plaintiff's reasonable attorney fees in connection with this action;

F. That a judgment be entered against the Defendants in the treble amount of Plaintiff's damages proximately resulting from Defendant's bad faith activities and failure to cure;

G. That a judgment be entered against the Defendants in the punitive amount deemed appropriate due to the Defendant's actions;

H. That the cost of this action be taxed against the Defendants; and

I. That the Plaintiffs be awarded attorney fees and such additional relief as this Honorable Court deems just and proper.

Respectfully Submitted,

*s/ Shawn P. Sirgo*
**SHAWN P. SIRGO**
**2300 21ST AVENUE SOUTH**
**SUITE 200**
**NASHVILLE, TENNESSEE 37212**
**(615) 463-9654**

# **SERVICE OF PROCESS**

The undersigned hereby certifies that on April 9th, 2013, the following Defendants were served a true copy of the First Amended Complaint via U.S. Mail.

John Thomas Feeny
P.O. Box 198685
Nashville, TN 37219
(615) 242-3700
Attorney for Defendant

_____
*s/ Shawn P. Sirgo*